IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAYMOND RODRIQUEZ, | § | |
| | § | No. 486, 2016 |
| Defendant Below- | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1511012890 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: March 1, 2017
Decided:   May 11, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 11th day of May 2017, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1)    On June 8, 2016, a Superior Court jury found the appellant, Raymond Rodriguez, guilty of Drug Dealing (Tier 4—Cocaine), Aggravated Possession (Tier 5—Cocaine), Drug Dealing (Tier 2—Heroin), Aggravated Possession (Tier 1—Heroin), and Possession of Marijuana. The Superior Court merged the Aggravated Possession (Tier 5—Cocaine) charge with the Drug Dealing (Tier 4—Cocaine) charge for sentencing purposes. The Superior Court sentenced Rodriguez as follows: (i) for Drug Dealing (Tier

4—Cocaine), twenty-five years of Level V incarceration, suspended after two years for decreasing levels of supervision; (ii) for Drug Dealing (Tier 2—Heroin), twenty-five years of Level V incarceration, suspended after two years for eighteen months of Level III probation; (iii) for Aggravated Possession (Tier 1—Heroin), fifteen years of Level V incarceration, suspended after one year for eighteen months of Level III probation; and (iv) for Possession of Marijuana, payment of a fine. This is Rodriguez's direct appeal.

(2) On appeal, Rodriguez's counsel ("Counsel") filed a brief and a motion to withdraw pursuant to Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Rodriguez of the provisions of Rule 26(c) and provided Rodriguez with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Rodriguez of his right to identify any points he wished this Court to consider on appeal. Rodriguez has raised several issues for this Court's consideration. The State has responded to the issues raised by Rodriguez and moved to affirm the Superior Court's judgment.

(3) When reviewing a motion to withdraw and an accompanying brief, this Court must: (i) be satisfied that defense counsel has made a

conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(4)     The trial record in this case reflects that Wilmington police received information about an individual leaving the train station with a large amount of heroin. Police officers received a picture of the suspect and stopped Rodriguez as he left the train station on November 20, 2015. One of the police officers testified that he recognized Rodriguez from the photograph provided and from his own previous dealings with him.

(5)     Rodriguez moved for a mistrial, which the Superior Court denied after concluding the comment was innocuous. Rodriguez declined the Superior Court's offer to give a curative instruction to the jury. The Superior Court instructed the witness to be more careful going forward.

(6)     During a pat-down search of Rodriguez, the police discovered he was carrying more than 200 bags of heroin and almost an ounce of cocaine. A subsequent search of Rodriguez's basement bedroom led to the discovery of marijuana and more heroin. After waiving his *Miranda* rights, Rodriguez told the police he went to Philadelphia to obtain more heroin to

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

3

sell, his supplier fronted him the cocaine and heroin, and the price of the drugs. A forensic analytical chemist testified that the substances seized from Rodriguez's person and home tested positive for cocaine, heroin and marijuana. The jury found Rodriguez guilty of Drug Dealing (Tier 4—Cocaine), Aggravated Possession (Tier 5—Cocaine), Drug Dealing (Tier 2—Heroin), Aggravated Possession (Tier 1—Heroin), and Possession of Marijuana.

(7) In his first point on appeal, Rodriguez contends he was charged with and convicted of drug offenses involving all tier weights. For purposes of sentencing, the Superior Court merged the Aggravated Possession (Tier 5—Cocaine) charge with the Drug Dealing (Tier 4—Cocaine) charge. The State concedes the Aggravated Possession (Tier 1—Heroin) charge should have been merged with the Drug Dealing (Tier 2—Heroin) charge for sentencing. We therefore remand to the Superior Court for the purpose of merging the Aggravated Possession (Tier 1—Heroin) charge with the Drug Dealing (Tier 2—Heroin) charge and resentencing based on that merger.

(8) Rodriguez next contends his trial counsel was ineffective. The Court does not consider claims of ineffective counsel for the first time on direct appeal.[2] Finally, Rodriguez claims there was a violation of Superior

---

[2] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

4

Court Criminal Rule 16, which governs discovery. Rodriguez does not offer any basis for this claim and the record does not support this claim.

(9) This Court has reviewed the record carefully and has concluded that Rodriguez's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Rodriguez could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that, with the exception of the lack of merger of the Aggravated Possession (Tier 1—Heroin) charge with the Drug Dealing (Tier 2—Heroin) charge, the judgment of the Superior Court is AFFIRMED. The motion to withdraw is GRANTED. The matter is REMANDED to the Superior Court for merging of the Aggravated Possession (Tier 1—Heroin) charge with the Drug Dealing (Tier 2—Heroin) charge and the resentencing of Rodriguez with new counsel. Jurisdiction is not retained.

BY THE COURT:

_____
Justice

5